IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| STANLEY L. WADE,<br><br>                Plaintiff,<br><br>v.<br><br>REGIONAL DIRECTOR, INTERNAL REVENUE SERVICE - OGDEN,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE AND MOTION FOR EXPEDITED HEARING AND REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**<br><br>Case No. 1:08-CV-148 CW<br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

      Regional Director, Internal Revenue Service, Ogden's (IRS) Motion to Dismiss for lack of jurisdiction,[1] Stanley L. Wade's (Wade) Motion to Strike,[2] and Wade's Motion for Expedited Hearing[3] are currently before the court. District Judge Clark Waddoups referred this case to the magistrate judge to conduct all proceedings necessary and to prepare a report and recommendation on all dispositive issues.[4]

## Overview

      The IRS moves to dismiss Wade's petition for a writ of mandamus[5] which initiated this action, arguing that the court lacks subject matter jurisdiction to hear and decide this case.[6] Wade moves to strike the IRS's reply memorandum,[7] arguing that it violates Rule 12 of the

---

[1] Named Federal Defendant's Motion to Dismiss, docket no. 6, filed March 17, 2009.
[2] Motion Pursuant to Rul [sic] 12(f) Federal Rules [sic] Civil Practice Motion to Strike (Motion to Strike), docket no. 10, filed April 17, 2009.
[3] Docket no. 13, filed July 6, 2009.
[4] Order Referring Case, docket no. 5, filed February 19, 2009.
[5] Petition for a Writ of Mandamus Pursuant to 28 USC §§ 1361 and 1651 (Petition for Writ of Mandamus), docket no. 1, filed December 10, 2008.
[6] Memorandum in Support of Named Federal Defendant's Motion to Dismiss (IRS Memorandum in Support) at 3, docket no. 7, filed March 17, 2009.
[7] Named Federal Defendant's Reply Brief (IRS Reply Brief), docket no. 9, filed April 08. 2009.

Federal Rules of Civil Procedures.⁸  The magistrate judge recommends that the district judge grant the Motion to Dismiss and denies the Motion to Strike, and the Motion for Expedited Hearing.

## BACKGROUND

On December 10, 2008, Wade filed a petition for a writ of mandamus asking the court "to compel [the IRS] to withdraw their liens from the County of Salt Lake Recorder's Office" and to enjoin the IRS from further collections.⁹  The IRS responded by filling a motion to dismiss for lack of jurisdiction due to sovereign immunity and for Wade's failure to state a claim upon which relief may be granted.¹⁰  Next, Wade filed a response¹¹ and the IRS filed a reply.¹²  Wade then filed his motion to strike the IRS's reply.¹³

## SUMMARY OF ARGUMENTS

Wade admits that 26 USC § 7421 states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person…,"¹⁴ but he contends that he is justified in bringing suit due to a carve-out exception applied by the Supreme Court in *Bob Jones University v. Simon*.¹⁵  *Bob Jones* states that if two factors -- irreparable injury and certainty of success on the merits -- are present, the bar of § 7421(a) may be avoided.¹⁶

---

⁸ Motion to Strike at 1.
⁹ Petition for Writ of Mandamus at 8.
¹⁰ IRS Memorandum in Support at 3, 9.
¹¹ Response to Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Mandamus (Wade Memorandum in Response), docket no. 8, filed April 1, 2009.
¹² IRS Reply Brief.
¹³ Motion to Strike at 1.
¹⁴ 26 U.S.C. § 7421(a) (2000).
¹⁵ 416 U.S. 725 (1974).
¹⁶ *Id.* at 737.

Regarding the first factor, Wade alleges that the liens against his property constitute "an imminent threat of irreparable harm"[17] because there will be no way for him to recoup any damages after his property has been seized and sold.[18]

As to the second factor, Wade argues that the doctrines of res judicata and collateral estoppel prove that he is certain to win on the merits because a prior case[19] involving the same cause of action has already heard and decided the merits of this case.[20] Wade further argues that there is no other remedy available to him within the threatened time constraints and that his incarceration makes any burden on "him to prove anything"[21] unwarranted. Finally, Wade mentions that the three-year statute of limitations applicable to the IRS's collection action has expired.[22] He did not brief this last argument in any detail.

The IRS contends that Wade's action is barred by the doctrine of sovereign immunity, the Anti-Injunction Act and the Declaratory Judgment Act.[23] The IRS additionally points out that Wade has alternative remedies available, which is enough to overcome a claim of irreparable injury.[24] Further, the IRS contends that Wade has "failed to set forth a claim upon which relief may be granted,"[25] because no "clear, nondiscretionary duty [is] owed to the plaintiff."[26]

As to the issue of sovereign immunity, Wade claims it does not apply because he "<u>clearly</u>" filed a "Petition for a Writ of Mandamus" and not a "suit" or "complaint."[27] Also,

---

[17] Petition for Writ of Mandamus at 2.
[18] *Id.*
[19] *United States v. Wade*, Case No. 2:04-CR-141-TS (D. Utah 2005).
[20] Petition for Writ of Mandamus at 1-2; Wade Memorandum in Response at 3.
[21] Petition for Writ of Mandamus at 2.
[22] *Id.* at 1, 5.
[23] IRS Memorandum in Support at 1, 3-5; IRS Reply Brief at 3.
[24] IRS Memorandum in Support at 8; IRS Reply Brief at 2-3.
[25] IRS Memorandum in Support at 1.
[26] *Id.* at 9 (internal quotations omitted).
[27] Wade Memorandum in Response at 2 (emphasis in original).

Wade argues that his claim is valid because the IRS has a "duty" "not to file tax leins [sic]" when he has paid his taxes.[28]

After initial arguments were made, Wade then filed a motion to strike the IRS's reply arguing that the reply was duplicitous, redundant, and "simply reargues the same ground set forth in [the IRS's] Rule 12 Motion to Dismiss."[29] The IRS argues that the motion to strike is an improper "sur-reply in which [Wade] argues the substance of the [IRS's] reply brief,"[30] which is not allowed by the local rules.[31] Finally, in reply on the motion to strike, Wade asks the court to grant him leave to file a response to the IRS's reply.[32]

## DISCUSSION

### Sovereign Immunity

The IRS's arguments regarding sovereign immunity and failure to state a claim are correct. Under the doctrine of sovereign immunity, the United States may not be sued without its consent.[33] If no consent has been given, then the Court has no jurisdiction to hear the case.[34] Sovereign immunity has not been waived for the claims made by Wade.[35] Congress has only waived immunity for *refund actions.* A district court has original jurisdiction of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws."[36] However, such a refund

---

[28] *Id.* at 5.
[29] Motion to Strike at 1.
[30] Named Federal Defendant's Opposition to Plaintiff's Motion to Strike (IRS Memorandum in Opposition) 2, docket no. 11, filed April 21, 2009.
[31] *See* DUCivR7-1(b)(3).
[32] Reply to Respondent's Opposition to Petitioner's Rule 12(f) Motion (Wade Memorandum in Reply) 2, document no. 12, filed May 1, 2009.
[33] *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).
[34] *Dalm*, 494 U.S. at 608; *Sherwood*, 312 U.S. at 586.
[35] IRS Memorandum in Support at 5.
[36] 28 U.S.C. § 1346(a)(1) (1992).

suit may only be maintained *after taxes have been paid* and after "a claim for refund or credit has been duly filed" with the IRS and then denied.[37]

While Wade has presented evidence that he has filed an appeal with the IRS,[38] there has been no evidence that he has paid the amount in dispute; "duly filed" a refund claim; or received a denial of such a claim from the IRS.[39] If Wade were to pay the amount contested, he then could file a refund claim. If that refund claim was denied, Wade could bring his claim to the Court of Federal Claims and that court would have jurisdiction to hear that claim.[40] Wade would have to file within three years from the time the relevant return is filed, or two years from the time the tax is paid, whichever period expires later.[41] Wade has not shown a waiver of sovereign immunity which permits his claim.

Wade claims that the doctrine of sovereign immunity does not apply because he named the Regional Director of the IRS, as the defendant. However, the doctrine of sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities.[42] Wade admits that he is bringing this action against the respondent "in his capacity as Regional Director of the IRS."[43]

The doctrine of sovereign immunity applies to the named federal defendant and bars Wade's petition for a writ of mandamus. Thus, the Court does not have jurisdiction to decide this case.

---

[37] 26 U.S.C.S. § 7422(a) (1998).
[38] Petition for Writ of Mandamus at 7, Exhibit 1.
[39] *Id.* at 7.
[40] *Flora v. United States*, 362 U.S. 145, 151-58 (1960).
[41] 26 U.S.C. 6511(a).
[42] *Spalding v. Vilas*, 161 U.S. 483, 499 (U.S. 1896).
[43] Wade Memorandum in Response at 2.

Wade argues that his "petition" is distinguishable from a "suit" or a "complaint"[44] and is therefore not barred by sovereign immunity. However, Rule 2 of the Federal Rules of Civil Procedures states, "There is one form of action — the civil action."[45] Therefore, regardless of the title, "petition," "suit" or "complaint," the Court treats all civil actions before it equally.

### Declaratory Judgment Act

Further, both the Declaratory Judgment Act[46] and the Anti-Injunction Act[47] bar Wade from relief. Under the Declaratory Judgment Act, a federal court is authorized to issue relief in "a case of actual controversy within its jurisdiction."[48] Both parties agree that the Declaratory Judgment Act does not, by itself, extend jurisdiction to this case.[49] Because of sovereign immunity, as discussed above, this Court lacks jurisdiction. However, even if sovereign immunity did not apply, the Declaratory Judgment Act precludes the court from declaring relief "with respect to Federal taxes."[50] Thus, "the Declaratory Judgment Act plainly bars the district court from declaring that [a plaintiff] owe[s] no additional federal taxes."[51] "To hold otherwise would impede the government's ability to assess and collect taxes."[52]

### Anti-Injunction Act

The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[53] This is because the "principal purpose of the Anti-Injunction Act is to permit the government to assess and collect taxes

---

[44] *Id.*
[45] Fed. R. Civ. P. 2 (2007).
[46] 28 U.S.C. § 2201.
[47] 26 U.S.C. § 7421.
[48] 28 U.S.C. § 2201(a).
[49] Wade Memorandum in Response at 2; IRS Memorandum in Support at 6.
[50] 28 U.S.C. § 2201(a). The Act does provide exceptions, none of which are relevant here.
[51] *Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. Colo. 2001).
[52] *Id.* (citing *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 932-33 (10th Cir. 1996)).
[53] 26 U.S.C. § 7421(a).

expeditiously without judicial intervention, and to require that the legal right to taxes withheld be determined in a suit for a refund."[54]

While the Anti-Injunction Act bars the Court from granting injunctions against the IRS, the Supreme Court has recognized the two-tiered exception which Wade argues applies here.[55] As set forth in *Bob Jones*, the literal terms of § 7421(a) may be avoided if the plaintiff can prove irreparable injury and certainty of success on the merits.[56] Wade argues that the Anti-Injunction Act is inapplicable to him because he qualifies under this exception.[57]

Regarding the first factor, Wade alleges that the liens against his property constitute "an imminent threat of irreparable harm"[58] because there would be no way for him to recoup any damages after his property has been seized and sold.[59] However, "the availability of a refund suit . . . negate[s] any claim of irreparable injury."[60] Wade also alleges that "no other remedy [is] available" which is likely to provide *timely* relief.[61] Under the Anti-Injunction Act, irreparable harm can only occur when there is *no alternative legal remedy*.[62] However, multiple alternatives exist for Wade. As discussed above, Wade can file a refund claim with the IRS and if denied, bring the suit in the Court of Federal Claims.[63] In addition to the Court of Federal Claims, Wade has also admitted that, while burdensome, he has an option of pursuing a remedy

---

[54] *Wyo. Trucking Ass'n*, 82 F.3d at 932-33 (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 8 (1961), *Egbert v. United States*, 752 F. Supp 1010, 1015 (D. Wyo. 1990)).
[55] *Bob Jones*, 416 U.S. at 737 (Citing *Williams Packing*, 370 U.S. at 6-7).
[56] *Id.*
[57] Petition for Writ of Mandamus at 1.
[58] *Id.* at 2.
[59] *Id.*
[60] *Estate of Michael v. Lullo*, 173 F.3d 503, 510 (4th Cir. 1999) (citing *United States v. American Friends*, 419 U.S. 7,11 (1974)).
[61] Petition for Writ of Mandamus at 2.
[62] *Bob Jones*, 416 U.S. at 746.
[63] *See* note 40 supra.

in U.S. Tax Court.[64] Because Wade has adequate legal alternatives available, he does not establish an irreparable injury.

Wade also argues that he will certainly win on the merits of the case due to res judicata and collateral estoppel. On June 2, 2005, Wade was convicted of owing the IRS $5,780,144 to the IRS in a criminal case.[65] Wade alleges to have paid the amount in full, plus an additional $3,265,016 between May 13, 2005 and March 19, 2008.[66] However, because it is not clear that the amount the IRS claims is identical to the claim in the prior suit rather than some other claim, such as additional interest and penalties on the amount owed, taxes due on properties not contended in the prior suit or tax assessed following the suit, it is not clear that Wade will win on the merits. Even if the court assumed that Wade would win on the merits, he has not proved irreparable harm or lack of adequate legal alternatives. Thus, the Anti-Injunction Act would bar suit and the *Bob Jones* exception cannot be satisfied.

## Mandamus Act

Wade fails to set forth a viable claim under the Mandamus Act.[67] According to the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[68] However, this duty must be ministerial and mandated by law, not a discretionary agency function.[69] Further, the Supreme Court has said, "The common-law writ of mandamus, as codified in 28 U. S. C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a

---

[64] *See* Petition for Writ of Mandamus at 2. Unlike the U.S. Court of Federal Claims, the U.S. Tax Court does not require taxes to be paid before a claim can be bought, 26 U.S.C.A. § 6213 (2009).
[65] *United States v. Wade*, Case No. 04-CR-141-TS, (D. Utah 2005); Petition for Writ of Mandamus at 3.
[66] Petition for Writ of Mandamus at 3.
[67] 28 U.S.C. § 1361.
[68] *Id.*
[69] *Pittston Coal Group. v. Sebben*, 488 U.S. 105, 121 (1998) (cited in IRS Memorandum is Support at 9).

clear nondiscretionary duty."[70] Wade argues that the IRS owes a "duty" to him and all other Americans not to file tax liens if taxes have been paid.[71] Wade also argues that because respondent took an oath to "discharge the duties of [his] office," the defendant's duty to remove any tax liens against Wade is both ministerial and mandated by law.[72] These arguments are unpersuasive because the government needs to be able to "assess and collect taxes expeditiously without judicial intervention."[73] Wade complains of IRS discretionary actions and thus Wade has failed to set forth a claim under the Mandamus Act.

The court has considered Wade's motion to strike and request for leave to reply and related papers and will not strike the IRS's reply. Further, since this case is resolved, the court will deny Wade's motion for an expedited hearing.

## ORDER

The Motion to Strike[74] and the Motion for Expedited Hearing[75] are **DENIED.**

## RECOMMENDATION

IT IS RECOMMENDED THAT the IRS's Motion to Dismiss[76] with prejudice be **GRANTED**.

## NOTICE TO PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.[77] A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the

---

[70] *Heckler v. Ringer*, 466 U.S. 602, 615 (1984).
[71] Wade Memorandum in Response at 5.
[72] *Id.*
[73] *Wyo. Trucking Ass'n*, 82 F.3d at 932-33.
[74] Motion Pursuant to Rul [sic] 12(f) Federal Rules [sic] Civil Practice Motion to Strike, docket no. 10, filed April 17, 2009.
[74] Docket no. 10, filed April 17, 2009.
[75] Docket no. 13, filed July 6, 2009.
[76] Named Federal Defendant's Motion to Dismiss, docket no. 6, filed March 17, 2009.
[77] See 28 U.S.C. § 636(b)(1)(B).

district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Dated this 4th day of August, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer