IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANLEY L. WADE,<br><br>        Plaintiff,<br><br>v.<br><br>REGIONAL DIRECTOR, INTERNAL REVENUE SERVICE - OGDEN,<br><br>        Defendant. | **ORDER and MEMORANDUM DECISION**<br><br><br>Case No. 1:08-cv-148 CW |

Plaintiff Stanley L. Wade brings this action against the Regional Director of the Internal Revenue Service- Ogden, Utah office ("the IRS"). In his Petition for a Writ of Mandamus Pursuant to 28 U.S.C. §§ 1361 and 1651, Mr. Wade seeks a court order requiring the IRS to withdraw tax liens filed against certain properties and desist from collecting taxes allegedly assessed after the taxes owing had been determined in a prior court proceeding and paid as ordered by the court in that proceeding. Mr. Wade further alleges that the IRS' actions to collect the tax are also barred because the attempted assessment was begun more than three years after Mr. Wade filed the applicable returns. *See* 26 U.S.C. § 6501(a).

The IRS moved to dismiss Mr. Wade's petition. Magistrate Judge David Nuffer, to whom the IRS' motion was referred under 28 U.S.C. § 636(b)(1)(B), issued a Report and Recommendation recommending that the IRS's motion be granted (the "R & R"). The court now

considers the IRS' motion (Dkt. No. 6) and the R & R recommending that the court grant it (Dkt. No. 14).

Because this is a dispositive motion, the court reviews the R & R *de novo*. *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Moreover, because Mr. Wade is acting *pro se*, the court must construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Finally, because this is a motion to dismiss, the court is required to accept as true all facts alleged by Mr. Wade and to consider them in the light most favorable to his claims to determine whether they plausibly support the relief he seeks in his petition. *See Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

In his petition, Mr. Wade asserts that the IRS has filed several tax liens against properties owned by him and his wife based on a purported tax liability of nearly $6 million. According to Mr. Wade, he and his wife have already paid all taxes in full for the relevant years. Mr. Wade further asserts that the taxes at issue are based on tax returns filed over three years ago and that the IRS has not challenged the amount of taxes since they filed the returns. Moreover, Mr. Wade contends that the amount of taxes was determined by the IRS itself. Specifically, Mr. Wade alleges that he and his wife were prosecuted for tax evasion for the years in question and that Mr. Wade was convicted. Mr. Wade states that as part of his sentence for that crime, the court ordered Mr. Wade and his wife to file tax returns for the relevant years. Mr. Wade alleges that the IRS itself calculated the tax liability for those years and that he and his wife used the IRS's calculations for the relevant returns.

Mr. Wade asserts two bases for relief. First, he contends that in asserting that he and his

wife owe $6 million for the relevant tax years in addition to the amounts he and his wife have already paid, the IRS has assessed taxes outside of the three year statute of limitations. Second, he argues that the IRS should be estopped from claiming that he owes more taxes in the relevant years because the IRS itself was responsible for calculating the amounts owing in the course of his criminal case. As relief, Mr. Wade seeks a writ of mandamus ordering the IRS to withdraw the tax liens and desist from any further attempts to collect on the $6 million dollar tax liability.

In support of its motion to dismiss, the IRS claims that the relief Mr. Wade seeks is barred on several grounds. First, the IRS cites the doctrine of sovereign immunity as precluding this action. Next, the IRS contends that the Anti-Injunction Act and the Declaratory Judgment Act both work to preclude this action. Specifically, both of those statutes prohibit district courts from issuing orders that interfere with the collection of taxes. Finally, the IRS argues that Mr. Wade failed to state a claim upon which a writ of mandamus could be issued.[1]

Mr. Wade addressed each of these grounds in his response. Considering sovereign immunity, Mr. Wade argued that a writ of mandamus against a federal official to correct an erroneous action is not barred by sovereign immunity. Turning to the Declaratory Judgment Act, Mr. Wade asserted that he is not seeking a declaration, directly or indirectly, but instead seeks only a writ of mandamus. As for the Anti-Injunction Act, Mr. Wade argued that the Supreme

---

[1] The IRS also claimed in its opening memorandum that Mr. Wade did not properly serve his petition on it. In response to this assertion, Mr. Wade states that he sent, by registered mail, a copy of the petition to the U.S. Attorney for the District of Utah. He contends that this is proper service. The IRS did not dispute Mr. Wade's position in its reply. Accordingly, the court will assume that the IRS either accepts Mr. Wade's assertions or that it has waived service under the federal rules by not addressing his arguments in reply.

Court carved out an exception to that statute in *Bob Jones Univ. v. Simon*, 416 U.S. 725-736-37 (U.S. 1974). Under *Bob Jones*, "[o]nly upon proof of the presence of two factors could the literal terms of § 7421(a) be avoided: first, irreparable injury, the essential prerequisite for injunctive relief in any case; and second, certainty of success on the merits." 416 U.S. at 737 (citation omitted).

Mr. Wade contends that his petition meets the *Bob Jones* exception. In support, Mr. Wade cites *Estate of Michael v. Lullo*, 173 F.3d 503, 510 (4th Cir. 1999).[2] In the *Estate of Michael*, the Fourth Circuit allowed a writ of mandamus suit to proceed in which a taxpayer sought to require the IRS to allow a tax credit taken by the taxpayer that the IRS had retroactively reduced. *See id.* at 504. There, the IRS admitted that it had reduced the tax credit to attempt to collect additional taxes because the statute of limitations for collecting taxes from the taxpayer had expired. *Id.* at 505. The taxpayer sought a writ of mandamus forcing the IRS to allow the tax credit and the district court dismissed based on the Anti-Injunction Act. *Id.*

The Fourth Circuit reversed. First, the court held that the taxpayer had shown a "certainty of success" because the statute of limitations for assessing additional taxes had passed and under no circumstances could the IRS properly assess, collect, or retain the taxes at issue. *See id.* at

---

[2] The court is aware that Mr. Wade did not cite *Estate of Michael* in his opposition, instead first raising this case in his "motion to strike" the IRS's reply. Such a procedural irregularity would be grounds to disregard Mr. Wade's argument as an unauthorized sur-reply if he were represented by counsel. In this case, however, the court notes that not only is Mr. Wade unrepresented, he is also in prison. Moreover, the IRS was on notice of the reasoning of *Estate of Michael* because the IRS itself cited the case in its reply brief. Because of the clear application of *Estate of Michael* to the facts as alleged by Mr. Wade, the court would have expected the IRS to have cited the case in any event.

506-09. Next, the court held that there was irreparable injury. The court acknowledged that "[u]nder ordinary circumstances, the availability of a refund suit does negate any claim of irreparable injury." *Id*. at 510 (citation omitted). But the court concluded that the circumstances were not ordinary, given that the IRS had admitted to trying to use a technicality to avoid the statute of limitations and then fought the taxpayer at several levels when the taxpayer contested the liability. *Id.* at 511. Accordingly, the court found that requiring the taxpayer to continue to fight the IRS on an issue that the taxpayer was sure to prevail upon was not an adequate remedy precluding injunctive relief. *Id.* at 511-12. The court finally concluded that the circumstances were such that the extraordinary relief of a writ of mandamus was in order, as the taxpayer had a clear right to the credit and the IRS had the clear duty to provide it. *Id.* at 512-513. The *Estate of Michael* case has been followed by a number of courts and cited by the Tenth Circuit. *See*, *e.g.*, *United States ex rel Rahman v. Oncology Assocs., P.C.*, 201 F.3d 277, 286 (4th Cir. 1999) (following *Estate of Michael*); *Rael v. Apodaca*, 210 Fed. Appx. 787 (10th Cir. 2006) (citing *Estate of Michael*).[3]

In the R & R, the Magistrate Judge agreed with each of the IRS's substantive arguments. That is, the R & R concluded that sovereign immunity applies here and had not been waived by the United States. Moreover, the R & R agreed that the Declaratory Judgment Act and the Anti-Injunction Act bar Mr. Wade from any relief, and that the exceptions to those statutes do not

---

[3] Although the Tenth Circuit found in *Rael* that a mandamus action was not warranted in that case, it did implicitly acknowledge the exceptions allowed by the court in *Estate of Michael* by citing the case.

apply here. The R & R specifically reasoned that the Declaratory Judgement Act prevents a court from declaring that an individual does not owe additional taxes. Next, the R & R reasoned that the Anti-Injunction Act precludes suits restraining tax assessment or collection. Further, the R & R concluded that the *Bob Jones* exception to that statute does not apply here. Finally, the R & R agreed with the IRS that Mr. Wade's petition did not meet the requirements of the Mandamus Act because the legal duty to be compelled must be ministerial and because Mr. Wade has the alterative remedy of paying the taxes and seeking a refund or bringing a suit in U.S. Tax Court. The R & R therefore recommended granting the IRS' motion to dismiss.

This court respectfully disagrees with the analysis in the R & R. First, sovereign immunity does not preclude an action when a mandamus suit is brought against a federal official to comply with a legal duty. *See*, *e.g.*, *Trackwell v. United States Gov't,* 472 F.3d 1242, 1244-45 (10th Cir. 2007) ("But, as we recently pronounced, the 'application of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity.'") (citation omitted). As the court interprets Mr. Wade's petition, he requests that the IRS' regional director refrain from allegedly assessing and seeking the collection of taxes that have already been determined and paid in full. The Director has a duty not to assess taxes once they have been finally determined and collected. To do otherwise would be illegal. Sovereign immunity, therefore, does not apply in this case on the facts alleged by Mr. Wade in the petition.

Second, the Declaratory Judgment Act does not apply here. It is true that, from a practical perspective, Mr. Wade's requested relief would have the same effect as a declaration

that he does not owe any further taxes for the relevant years. But if Mr. Wade proves, as alleged, that the IRS is attempting to assess and collect taxes from him and his wife that have already been paid and that any additional assessment would be outside of the statute of limitations, his relief would not be based on any declaration by this court. Rather, the relief would be based on simple operation of the statute of limitations. Accordingly, the court believes that it is an error to characterize Mr. Wade's petition as one for declaratory relief that is governed by the Declaratory Judgment Act.

Third, the Anti Injunction Act does not bar this action when the petition is read, as it must be, in the light most favorable to Mr. Wade. Mr. Wade alleges that he filed income tax returns for the tax years in question more than three years before the IRS attempted to assess additional tax. He further alleges that in the three years since he filed those returns, the IRS has not challenged the amounts due in them. Mr. Wade also asserts that he has paid all amounts due under the returns for the relevant tax years, and that the IRS itself calculated the amounts owed.[4] Finally, he states that he and his wife have paid all amounts due. Accordingly, the petition can be plausibly read to assert that IRS has assessed and made efforts to collect taxes after the statute of limitations to do so had passed, acts outside of any legal authority granted to the IRS.

This situation appears to be squarely controlled by the *Estate of Michael*. That is, Mr.

---

[4] As the R & R pointed out, it is not clear from Mr. Wade's petition whether the tax liens and other collection efforts about which Mr. Wade complains are for amounts which Mr. Wade has already paid in full. Because this is a motion to dismiss, however, the court must make the reasonable inference that Mr. Wade is referring only to assessments and collection efforts outside of the statute of limitations. It will be for the IRS to clarify its position on what amounts (if any) are at issue here when it answers.

Wade alleges facts that, if true, show that the IRS has no possibility of prevailing as a legal matter, meeting the first prong of the *Bob Jones* exception. Moreover, the same concerns about alternative remedies that the *Estate of Michael* court found relevant to the irreparable injury inquiry are present here. That is, Mr. Wade asserts that he is currently in federal prison for tax evasion for the tax years involved in this case. He alleges that the IRS calculated the taxes he owed as part of his sentencing, that the court ordered him to file tax returns, that he did so and paid in full. Further, he asserts that more than three years after he filed the returns, the IRS is attempting to assess and collect almost $6 million in additional taxes. As in the *Estate of Michael*, forcing Mr. Wade to pay the taxes and seek a refund or to attempt a suit in U.S. Tax Court when the taxes are patently not owed does not strike the court as an adequate alternative remedy. Also as in the *Estate of Michael*, if the facts are as alleged, these are not "ordinary circumstances" and the actions of the IRS would be "transparently baseless, in that it is pursuing this matter after the statute of limitations clearly has barred the collection or assessment of further taxes." 173. F.3d at 510. The court is mindful of the fact that to maintain his action Mr. Wade will be required to produce evidence to support his allegations, but at this stage he must be allowed to proceed.

Finally, this petition states a claim under the Mandamus Act. "To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citation omitted). Turning to the first prong, Mr. Wade has a clear right to the enforcement of the statute

of limitations against the IRS. As to the second prong, it cannot reasonably be disputed that the IRS regional director has no discretion to assess or collect taxes outside of the statute of limitations, or to collect additional taxes once they have been paid in full, and the duty to refrain from taking such actions is clear. Finally, as stated above, if the IRS has no right to the millions of dollars of taxes it has assessed and now attempts to collect, forcing Mr. Wade to pay and seek a refund or to attempt to initiate a suit in tax court would not be adequate remedies if what Mr. Wade has alleged proves to be true. This conclusion is especially strong given that Mr. Wade claims that he is currently incarcerated for crimes related to the same taxes.

In closing, the court emphasizes that in coming to these conclusions, it does not find that the IRS has done anything improper. To the contrary, as the R & R intimated, it seems doubtful that the IRS would make a facially invalid attempt to assess and collect taxes outside of the statute of limitations. But, as repeatedly emphasized in this order, Mr. Wade's petition, read in his favor, makes exactly that allegation.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES the IRS' motion to dismiss.

SO ORDERED this 10th day of December, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge