IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANLEY L. WADE,<br><br>                    Plaintiff,<br><br>v.<br><br>REGIONAL DIRECTOR, INTERNAL<br>REVENUE SERVICE - OGDEN,<br><br>                    Defendant. | **ORDER and MEMORANDUM<br>DECISION**<br><br><br><br>Case No. 1:08-cv-148 CW |

Now before the court is the IRS's motion for this court to reconsider its denial of the IRS's motion to dismiss Mr. Wade's petition for a writ of mandamus.  (Dkt. No. 23.)  For the reasons set forth below, the IRS's motion is DENIED.

To summarize, the court issued a reasoned opinion denying the IRS's motion to dismiss Mr. Wade's petition for a writ of mandamus directing the IRS to stop in its attempt to collect certain taxes.  In its opinion, the court relied on the Fourth Circuit's decision in the *Estate of Michael v. Lullo*, 173 F.3d 503, 510 (4th Cir. 1999) to conclude that Mr. Wade's petition was not barred by the Anti-Injunction Act or the Declaratory Judgment Act.  Specifically, based on the face of the petition alone, the court concluded that Mr. Wade alleged facts that, if true, would show that the IRS could not possibly prevail as a legal matter and that there are serious enough concerns about Mr. Wade's alternative remedies to disregard them in the irreparable harm

inquiry.  The court further analyzed the Mandamus Act and concluded that Mr. Wade's petition stated a claim for relief under that statute.

The IRS now contends that the court should reconsider its denial for several reasons. First, the IRS argues that Mr. Wade's petition does not support a conclusion that the tax assessment was outside of the three year statute of limitations. This argument fails.  Mr. Wade alleges that he filed his tax returns sometime after his conviction in June 2005.  He signed his petition in November 2008.  By the court's math, there are about three years and five months between those dates.  It is plausible (though not necessarily probable) that Mr. Wade could have filed his tax returns very soon after his conviction and the IRS could have assessed additional taxes over three years after he filed those returns.

The IRS's second ground for reconsideration is that there are several exceptions to the three year statute of limitations for tax assessments.  But the petition does not allege facts that lead to the conclusion that any of those exceptions might apply.  Because the court confines its analysis on a motion to dismiss to the face of the petition, then, the existence of exceptions is not relevant here.

The IRS's third ground for reconsideration is that the court improperly found that Mr. Wade's alternative remedies of filing a petition in U.S. Tax Court or paying the taxes and bringing a refund suit were insufficient.  But the IRS offers no substantive response to the court's reasoning on this point.  That is, the court found it to be an extraordinary case given that Mr. Wade asserts that he is in prison on convictions related to the tax years in question and that the allegedly assessed amount is almost $6 million.  Instead of explaining why these circumstances

are not outside of the ordinary, the IRS essentially repeats the point it made in support of its motion to dismiss that the existence of the remedies alone are enough to merit dismissal.  As the court already explained at length in its order, if what Mr. Wade's petition alleges is shown to be true, those remedies would not be sufficient.

On a final note, the court went to great efforts in its previous order to explain that its analysis does not go beyond Mr. Wade's allegations and that its ruling was based on those allegations alone.  And based on those allegations, the court continues to believe that a denial of the IRS's motion to dismiss was proper.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES the IRS's motion for reconsideration.

SO ORDERED this 4th day of February, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge