IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| STANLEY L. WADE, <br><br> Plaintiff, <br><br> v. <br><br> REGIONAL DIRECTOR, INTERNAL REVENUE SERVICE - OGDEN, <br><br> Defendant. | **ORDER and MEMORANDUM DECISION** <br><br><br> Case No. 1:08-cv-148 CW |

Now before the court is an objection by Petitioner Stanley L. Wade to a Report and Recommendation made by Magistrate Judge Samuel Alba on March 21, 2011 (the "R & R"). The R & R recommends that the court grant Defendant's motion for summary judgment and deny Mr. Wade's Petition for a Writ of Mandamus. For the reasons set forth below, the court DENIES Mr. Wade's objection and APPROVES and ADOPTS the R & R.

In this Order, the court will consider *de novo* Mr. Wade's specific objections to the R & R. Because Mr. Wade is acting *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* The court further notes that this Order relies on the R & R's findings of fact. While Mr. Wade contests these findings, he had not pointed to any record evidence establishing that they are erroneous.

Mr. Wade first argues that the IRS is collaterally estopped by the tax loss calculations made at Mr. Wade's sentencing, contrary to the R & R's conclusion otherwise. Mr. Wade has not cited any legal authority supporting this proposition, however, nor is the court aware of any. On the other hand, the R & R's reasoning and authority on this point is sound. Mr. Wade relatedly argues that his wife's payment of certain taxes that he contends were calculated as part of his sentencing is relevant to this issue. While the court believes it understands Mr. Wade's position– *i.e.* that the IRS should be required to treat him and his wife equally– Mr. Wade has not successfully convinced the court that this position is legally correct. Accordingly, Mr. Wade's objection on this point is not well taken.

Mr. Wade's second ground for objection is that the R & R did not adequately take into account his attempts at appealing the IRS's notices of deficiency. Mr. Wade does not, however, explain why his appeals are of any legal significance to the case at hand, or how the R & R erred in not adequately addressing them. As such, his objection on this point does not prevail.

Mr. Wade further takes issue with the R & R's treatment of this court's earlier Order denying Defendant's motion to dismiss. Mr. Wade argues that this court's earlier Order defined and limited the facts and legal issues at issue here. Mr. Wade asserts, moreover, that the earlier Order ruled substantively on the merits of various issues. To be clear to Mr. Wade, at the motion to dismiss stage, the court was bound not only to believe the facts he alleged in his petition, but also to construe those facts most favorably to him. On the other hand, at summary judgment, the court looks only to the actual undisputed facts as established by the record evidence. The analysis and assumptions underlying the court's earlier Order, therefore, do not apply to the

Defendant's motion for summary judgment. The court's earlier Order should therefore not be interpreted as limiting or otherwise defining the scope of the facts and issues to be considered on the present motion for summary judgment. In support of its motion for summary judgment, Defendant presented evidence to support facts that contradict the most relevant allegations of Mr. Wade's Petition. Mr. Wade failed to present evidence that would place any of those material facts in dispute. Thus, the factual premise of the Petition fails. Furthermore, the court's ruling on the motion to dismiss also did not resolve any question going to the substantive merits of this action. For these reasons, Mr. Wade's objections about the effects of the earlier Order on the R & R do not succeed.

Mr. Wade also contends that the R & R erred in failing to find that his pleadings have established that the IRS is acting improperly by attempting to assess taxes. But in support of this argument, Mr. Wade only refers to his factual averments in his pleadings. On summary judgment, however, simple factual assertions in briefs are not sufficient. Instead, factual statements must be supported with record evidence of the type allowed by Rule 56 of the Federal Rules of Civil Procedure. While the court is sympathetic to the fact that Mr. Wade likely had difficulty in building a factual record given that he is incarcerated, the need to build a record cannot be cast aside. Accordingly, Mr. Wade's objection on this issue is without merit.[1]

## CONCLUSION AND ORDER

For the reasons above, the court ORDERS as follows:

---

[1] Because the facts do not support a finding that the IRS is attempting to assesses taxes illegally, the court need not address the issue of whether tax court is an adequate forum to appeal.

The R & R (Dkt. No. 56) is APPROVED and ADOPTED;

Mr. Wade's Petition for a Writ of Mandamus (Dkt. No. 1) is DENIED; and

the Defendant's motion for summary judgment (Dkt. No. 37) is GRANTED.

SO ORDERED this 9th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge